# Drew's Adm'r *v.* Drew.

| 66 | 455 |
| 133 | 441 |

*Application by Administrator, for sale of Lands for Payment of Debts.*

1. *Devise for life, with remainder to surviving children, and limitation over.* Under a devise for life to the sister of the testatrix, with remainder to her surviving children, and these words superadded : " But, if any one of my said sister's children should die before receiving the share allotted under this will, and should leave a child or children, then the child or children of such deceased shall receive the portion that would have gone to the decedent ;" *held,* that the interest of a remainder-man, who survived the tenant for life, and then died before a partition of the property, leaving no child or children, was not thereby divested or determined.

APPEAL from the Probate Court of Sumter.

In the matter of the estate of Thomas Drew, deceased, on the application of William Edmonds, the administrator, for an order to sell his interest in certain lands for the payment of his debts, on the ground that the personal assets were insufficient for that purpose. The application was contested by the heirs at law of the decedent, who were his brothers and sisters, "on the ground that said deceased had no such interest in said lands as could be sold ;" and in support of their objections, they introduced the last will and testament of Mrs. Sarah M. Flowers, to whom the lands had belonged at the time of her death, and under whom the parties claimed as devisees. Said will was dated the 22d April, 1868, and was duly admitted to probate on the 31st October, 1870. By the first item of said will, the testatrix bequeathed and devised all her property, real and personal, to her sister, Mrs. Elizabeth M. Drew, "for and during her life only ;" and the other clauses of the will were in these words : "*Item* 2. At the death of my said sister, her children, or those of them living at the time of her death, are to have the property herein devised and bequeathed equally ; but, if any one of my said sister's children should die before receiving the share allotted under this will, and the deceased should leave a child or children, then the child or children of such deceased shall receive the portion that would have gone to the decedent if there had been no death in the family." "*Item* 3. If my said sister should die before myself, it is my will and wish, that her children receive the property she would have received under this will, in the event she had lived, or survived me ; but, in

[Drew's Adm'r v. Drew.]

that event, if any of her children should die before receiving the portion allotted under this will, then the children of such deceased *is* to take and have the portion going to decedents if there had been no death. But, in no event, is the husband or wife of any of my said sister's children ever to have any of the property devised and bequeathed under this will."

"It was admitted that said Thomas Drew was a son of Mrs. Elizabeth M. Drew, mentioned in said will; and that he survived his said mother, and died intestate before receiving the share allotted to him under said will, no division of the property having been made up to the time of his death; and that he left no children; and that the contestants are his next of kin and heirs, and the distributees of his estate. This being all the evidence, the court sustained the objection and motion of the contestants, and dismissed the petition;" to which ruling and decision the administrator duly excepted, and he now assigns it as error.

S. H. SPROTT, for appellant.

CHAPMAN & SMITH, *contra*.

BRICKELL, C. J.—It is plain that the will of Mrs. Flowers created an estate for life in Mrs. Drew, and, on her death, an estate in remainder in such of her children as were then living. The remainder vested immediately on the death of Mrs. Drew; and if it is conceded that it was subject to be divested, on the happening of a future event or contingency, that event or contingency must have occurred, to work the divestiture. If that event or contingency has not occurred, the estate remains as it is created by the will.—*Sherrod v. Sherrod*, 38 Ala. 537. The event or contingency, upon which it is insisted the estate in remainder is subject to be divested, is the death of either of the children, leaving children, before there was a partition, and an allotment to each child of his or her share of the lands and other property devised and bequeathed. But this is not the contingency which has happened. Thomas Drew, the intestate of the appellant, died after his mother, before partition, without leaving children.

The rule is well settled, that when, by clear and unambiguous words, an absolute gift is made, and a contingency provided in which the gift is to be defeated, it will not cease until that contingency occurs. There can be no inference, or implication, that it shall cease or terminate in any other event, or on any other contingency.—1 Roper on Legacies, 618, 782; 2 Fearn's Rem. 377; *Harrison v. Foreman*, 5 Ves. 207. Such was the manifest intention of the testatrix; for it is only in

the event a remainder-man died, leaving a child or children, that there is a gift over, and the gift over is to his or her children.

The Court of Probate erred in ruling that the estate of Thomas Drew in the lands was terminated by his death before partition.

Reversed and remanded.