JONES, J.
This is' an action brought by the trustee under the will of Elbert Marsh, for the construction of said will. It was heard in this court on appeal taken by Ida Hamilton Roberts, granddaughter of said testator, from the decision of the court of common pleas.
A fund of about thirteen thousand dollars, concerning the distribution of which this controversy relates, represents the proceeds of the sale of one-third of testator’s real estate, devised for life to his daughter Martha E. Marsh, who received the income thereof until the date of her death in December, 1915, at the age of eighty-one years.
Testator’s will was executed August 11,1872, and he died in March, 1878, leaving three living children, Martha E. Marsh, Augustus W. Marsh and Charles E. Marsh; and four grandchildren, Charles A., William H. and Edward E. Marsh, children of his son Augustus W. Marsh; and Ida Hamilton, who after-wards by marriage becam'e Ida Hamilton Roberts and who was *359 the only child of a deceased daughter, and is the appellant in this case.
At the time of the making of the will Martha B. Marsh was forty-two years of age and unmarried. The three sons of August were none of them at that time more than fifteen years of age; they all died prior to the death of Martha E. Marsh, as follows: Edward, January 15, 1899; William, May 9, 1910; and Charles A., September 6, 1910. Edward left two children; Edna Marsh and Eva Marsh Ford. Charles A., left two children: Charles E. Marsh and Blanche M. Salway. And William died childless. Martha E. Marsh never married and died without issue.
The clause requiring construction is found in the fifth item of the will, as follows:
“ * * * The remainder in the portions thus devised to my daughter and granddaughter, shall at their respective deaths, vest in the lawful issue of their respective bodies and in default of said issue, then the same shall descend to and vest in my said three grandsons, sons of my son Augustus, the survivors or survivor of them.” * * *
Appellant contends that because none of the three sons of August survived their aunt Martha E. Marsh, the life tenant, that testator must be held to have died intestate as to this fund.
The two children of Edward E. Marsh and the two children of Charles A. Marsh, appellees, contend that this clause created a vested remainder in fee simple in their respective fathers and their childless uncle William Marsh, and that they together inherit from their fathers and uncle, respectively, the entire fee simple of the real estate which is now represented by this fund to be distributed.
In the construction of a will the sole purpose of the court should be to ascertain and carry out the intention of the testator. Such intention must be ascertained from the words contained in the will. Where the intention remains in doubt, resort for aid must be had to settled rules of construction, but they can not control if they are in conflict with the apparent intention of the testator. Townsend v. Townsend, 25 Ohio St. 477; Linton v. Laycock, 33 Ohio St. 128; Barr v. Denney, 79 Ohio St. 358 [87 N. E. 267].
*360 The will is long and involved and an exhaustive effort is shown in the endeavor to meet every possible contingency, clearly showing the desire on the part of the testator to leave no part of his estate undisposed of by his will or to provide in any way for his son Charles E. Marsh or his children. It shows, however, an intention to divide the entire estate into three equal parts, and to give one-third of his real estate for life only to each of the two female lines, to-wit, his daughter Martha E. Marsh, and his granddaughter Ida Hamilton Roberts, sole representative of a deceased daughter, and the other one-third to the three sons of his son Augustus in fee simple subject to certain interests given Augustus therein.
It also evinces an intention to give the share of his daughter -Martha, on her death without issue, to the same three grandsons, and it make the same provision as to his granddaughter, the appellant.
In addition to this apparent intention shown in the will we must consider the legal presumption against intestacy found in the policy of the law, unless no other construction is possible. Collier v. Collier, 3 Ohio St. 74; Davis v. Corwine, 25 Ohio St. 668, 675; Fulton Trust Co. v. Phillips, 218 N. Y., 573 [113 N. E. 558].
Estates created by will under the policy of the law will be regarded as vested rather than contingent unless the contrary intention is apparent from the context of the will. The estate in remainder, created by the will at the death of the life-tenant without issue seems to have all the attributes of a vested remainder. Linton v. Laycock, Supra; Gilpin v. Williams, 25 Ohio St. 283; Bolton v. Bank, 50 Ohio St. 290 [33 N. E. 1115] ; Beckley v. Leffingwell, 57 Conn., 163 [17 Atl. 766]; Mercantile Bank v. Ballard, 83 Ky. 481 [7 Ky. L. Rep. 478; 4 Am. St. 160] ; Patterson v. Hennessey, 85 N. Y., 91, 104.
“Vested interests liable to divestment are preferred, in construction, to interests contingent.” I Schouler, Wills, 5th Ed., Sec. 562, p. 724.
The estate in remainder vested in the sons of Augustus was subject to being divested upon the happening of one of two conditions: one that Martha E. Marsh leave issue at her death; the *361 other condition was the element of survivorship provided for among the three brothers at the death of the life tenant without issue. This element of survivorship is all that raises any question of doubt as to the meaning of the clause. If these words had been omitted there would be no question but that a vested remainder was given to the three grandsons, subject, to divestment only upon the death of the life tenant with issue surviving her.
It will be observed that the clause relating to survivorship is in the alternative and operates only in case one or more, and not all, of the brothers survive the life tenant. If that case had arisen there is no question but that the one or two brothers who died before the life tenant, leaving the one or two surviving her, would be divested of all interest in the remainder in favor of the survivor or survivors. But none of the three survived the life tenant; the clause became inoperative and fails in any way to affect or change the title in fee simple in remainder that had already vested in these three brothers under the will, because while the words “heirs” or other words of inheritance are not used here or anywhere in the will with reference to this remainder in those three grandsons, they would take a fee in remainder under the statute. Section 10580 G~. C.
The case of Jeffers v. Lampson, 10 Ohio St. 101, is directly in point, and particularly that part of the opinion found at page 104 quoting from the old case of Harrison v. Foreman, 5 Ves. Jr., 207. The cases of Sturgess v. Pearson, 4 Maddocks, 411, and Belk v. Slack, 1 Keen, 238, are also directly in point, as is Hills v. Bernard, 152 Mass. 67 [25 N. E. 96; 9 L. R. A. 211]; also Acree v. Dabney, 133 Ala., 437 [32 So. 127].
The ease of Richardson v. Cincinnati Stockyards Co., 11 Dec. 367 (8 N. P. 213), relied upon by appellant, is not contrary to this doctrine. In that case certain land was devised by testator to his daughter Jane Richardson, and “the heirs of her body forever,”
“but in case of the death of said Jane Richardson without surviving issue of her body, then the property hereby to her bequeathed at the death of my said wife shall revert back to and be equally divided amongst my surviving children, share and share alike.”
*362 Jane Biehardson survived all her brothers and sister and never had any children. It was held that—
“the reversion in the estate passed to the heirs of testator subject to be divested of it by Jane Biehardson dying with issue of her body or with children of the testator surviving her, an event which it is now known can ever happen, ’ ’
and the title of the property was therefore east upon the heirs of testator. This holding followed the law as laid down in Gilpin v. Williams, 25 Ohio St. 283, and is not inconsistent with the holding in this case.
Among the cases relied upon by appellant are Sinton v. Boyd, 19 Ohio St. 30; Smith v. Block, 29 Ohio St. 488; Richey v. Johnson, 30 Ohio St. 288; and Hamilton v. Rodgers, 38 Ohio St. 242. None of these cases however disclose a situation similar to the instant ease, or lay down a rule that controls it.
In Sinton v. Boyd, where testator gave a life estate to his wife after her death to be divided equally amongst his children or the survivors of them, it was held that the daughter of a son who failed to survive his mother took no share where other children survived her.
In Smith v. Block, where real estate was conveyed to a mother for life and after her death to her surviving children by E, her husband and after the death of all said children to E, in fee simple, it was held that only such children as survived the mother took an estate, and that E took a vested remainder in fee subject to the intervening contingent estate of the children.
In Richey v. Johnson there was a direction to the executors to sell and divide after the death of testator’s wife, equally between such of his brothers and sisters as might then be living, and the issue of those dead, per stirpes. There were survivors within the class thus divided who took the property.
In Hamilton v. Rodgers testator devised his estate to trustees to pay certain annuities out of the income, and to distribute after the ‘ ‘ final cessation ’ ’ of such annuities. It was held that the estate did not vest until the time fixed for distribution, which had not yet arrived.
Disregarding the alternative clause as to survivorship, which we have seen has become inoperative, the rule laid down in *363 Linton v. Laycock, 33 Ohio St. 128, would apply and the language under construction would be held to have vested a remainder in fee simple in the three sons of Augustus "W. Marsh, to-wit, Charles A., William H., and Edward E. Marsh.
William H. Marsh having died intestate leaving no widow or children, his one-third interest would pass by descent to his brother Charles A. Marsh and Edna Marsh and Eva Marsh Ford the children of his brother Edward E. Marsh.
Edward E. Marsh and Charles A. Marsh having also each died intestate leaving two children, these children would inherit the interests of their respective fathers, and therefore each of the four children, to-wit: Edna Marsh, Eva Marsh Ford, Charles E. Marsh and Blanche Marsh Salway would be entitled to one-fourth interest in said fund.
A decree may be taken accordingly.
Hamilton, J., concurs.