(105 So. 179)

**HARRISON v. HARRISON. (5 Div. 919.)**

(Supreme Court of Alabama. June 25, 1925.)

1. Executors and administrators ⬌138(7) — Power of sale for reinvestment in will held not to include family residence devised to widow.

Power of sale for reinvestment, conferred upon executrix under will, held not to include family residence, devised to sole use of widow during life or widowhood, but to be limited to remainder of estate, where power of sale was coupled with power to rent any portion of estate, and executrix was directed to keep estate together until testator's son arrived at age of 25, and that rents, income, and profits should be divided between testator's widow and children.

2. Wills ⬌629—Law favors vested rather than contingent estates.

Law favors vested rather than contingent estates.

3. Wills ⬌522—Devise to class having present right of enjoyment, if particular estate fails, not rendered uncertain because, by death of one or all pending life estate, they may never come into personal enjoyment of devise.

Devise to a class, such as children of decedent, persons in being at death of testator, having a present right of enjoyment in case particular estate should fall in, is not rendered uncertain because, by death of one or all pending life estate, they may never come into personal enjoyment of devise.

4. Wills ⬌629—Law does not favor treating fees in abeyance.

Law does not favor construction of will that will result in treating the fee as in abeyance.

5. Wills ⬌634(12) — Will held to create vested remainder interest in testator's children, subject to right of survivorship therein declared.

Will devising remainder interest in testator's residence property on death or marriage of widow to such of testator's children as might be then living, to be equally divided between them, share and share alike, held to create vest-

---

ed remainder in children, subject to right of survivorship therein declared, and on death of testator's daughter, no further survivorship among children being possible, remainder in residence property vested absolutely in testator's son.

Appeal from Circuit Court, Lee County; N. D. Denson, Judge.

Bill for construction of a will by Sara N. Harrison, as executrix of the estate of George Paul Harrison, deceased, against George P. Harrison, Jr., individually and as administrator of the estate of Mamie A. Harrison, deceased. From the decree, complainant appeals. Reversed and remanded.

The will involved is as follows:

"I, George Paul Harrison, of Opelika, in the county of Lee and state of Alabama, and over the age of twenty one years, being of sound mind and disposing memory, do declare, make and publish this my last will and testament, hereby revoking, annulling cancelling and destroying any and all other wills at any time heretofore made by me.

"Item 1. I will and direct that all my just debts be paid by my executors hereinafter named as soon after my decease as it will be practicable to do so.

"Item 2. I will, give, devise and bequeath the dwelling house and premises in and on which I now reside and live in the city of Opelika, Alabama, together with all the household and kitchen furniture, plate ware, household goods, pictures, and all other personal property of every nature and kind located therein, to my beloved wife Sara N. Harrison for and during her natural life and widowhood, and after the death of my said named wife, or in the event she marries again, I will and devise said dwelling house and premises, together with all the other property hereinabove enumerated, to such of my children as may then be living, to be equally divided between them, share and share alike. I further will and direct that during the natural life or widowhood of my said named wife Sara N. Harrison, that my estate pay the taxes, insurance and upkeep of the property enumerated in this item of my will.

"Item 3. I will and bequeath to my beloved son George P. Harrison, Jr., the sum of ten thousand dollars and all the libraries and war relics of which I may be possessed at the time of my death.

"Item 4. I will and bequeath to my beloved sister Anna H. Perry, of Cuthbert, Ga., the sum of one thousand dollars absolutely, to be paid in such personal property as my executors shall elect.

"Item 5. I will and bequeath to my beloved sister Camilla H. McCoy, of Cuthbert, Georgia, the sum of one thousand dollars absolutely, to be paid in such personal property as my executors shall elect.

"Item 6. I will and bequeath to my beloved nephews, George H. Perry, Alex Stephens Perry, and Harry McCoy, and the children of Theodore Perry, the sum of one thousand dollars, absolutely, to be paid in such personal property as my executors shall elect. The said sum of one thousand dollars is to be divided as follows: to-wit; two hundred and fifty dollars to each of my said named nephews, and two hundred and fifty dollars to be equally divided between the children of the late Theodore Perry, share and share alike.

"Item 7. I will and direct that the remainder of my estate, real, personal or mixed be kept together until my beloved son George P. Harrison, Jr., is twenty five years of age, during which time, the income, rents or profits arising therefrom shall be equally divided between my wife and my children, share and share alike.

"Item 8. I will and direct that when my beloved son, George P. Harrison, Jr., reaches the age of twenty five years, that the said remainder of my estate be equally divided between my wife and my children who may then be living, share and share alike.

"Item 9. In the event of my wife's death before mine, then I will and direct that the part of my estate, she would have been entitled to under this my last will and testament had she lived until after my death, shall go to my children, to be equally divided between them share and share alike. In that event, should there be but one of my children living at the time of my death, then I will and direct that my surviving child shall be entitled to all the remainder of my estate. In the further event of the death of one of my children before my decease, then I will and direct that the part of my estate she or he would have been entitled to, under this my last will and testament, had she or he lived until after my death, shall go to my wife and my surviving child, to be equally divided between them, share and share alike. In the further event of the death of both of my children before my decease, then I will and direct that the parts of my estate my children would have been entitled to, under this my last will and testament had they lived until after my death, shall go to my wife, Sara N. Harrison, absolutely.

"Item 10. I hereby appoint my beloved wife Sara N. Harrison to be the sole executrix of this my last will and testament, until my beloved son, George P. Harrison, Jr., arrives at the age of twenty one years, at which time my said named son shall become joint executor with my beloved wife Sara N. Harrison, of this my last will and testament, and I will and direct that they each be exempt from giving any bond for the faithful performance of their duties as such executors, and I further exempt each of them from making any inventory, appraisement, report, return, or accounting in any manner to any court or courts whatever, of their acts as such executors, and I only will and direct that they file and probate this my last will and testament in the probate court of Lee county, Alabama, in due and legal form, and carry out the provisions of this my last will and testament. I further will and direct, and I hereby give unto my said named executors, or either of them, full and absolute power and authority, without obtaining any order or orders from any court or courts to sell and reinvest any part or parts of my said estate. I further will and direct, and I hereby give unto and invest my said named executors, or either of them will [with] full and absolute power and authority to rent any of my said estate and to loan any, of the money belonging to my said estate on good and approved security. In the event of the death, resignation or refusal to qualify of either of my said named executors, then I will

and direct that the remaining executor, shall be clothed with all the power and authority to carry out this my last will and testament, that both would have had, had neither one died, resigned, or refused to qualify.

"Item 11. I hereby appoint my beloved wife Sara N. Harrison, as sole guardian of the persons and estates of my minor child or children, and I hereby relieve her from giving any bond as such, but request that she make annual settlements with my said minor or minors.

"In testimony whereof, I, George Paul Harrison have hereunto set my hand and seal, to this my last will and testament as written on pages 1, 2 and 3 on this the 17th day of November, 1920.

"George Paul Harrison. [Seal.]"

The decree of the court is as follows:

"(1) It was not the intention of the testator to confer upon or to clothe the executors of the will, nor either of them, with the power or authority to sell and convey the real estate referred to and described in the second item of the will of George Paul Harrison and to make a fee-simple title thereto to any purchaser. It is, in this connection, further adjudged and decreed that the complainant as executrix, has no power under the will to sell any of the real estate mentioned and referred to in item 2 of the will of George Paul Harrison, deceased.

"(2) It is further considered, adjudged, and decreed by the court that it was the intention of the testator to create in his wife, the complainant, and his children a contingent interest in the corpus of his estate, the property covered by item 7 of the will, the fee simple to vest in the one, or those of the wife and children who may be living when George P. Harrison, Jr., reaches 25 years of age; and that, upon the happening of the event named, the property shall be divided equally amongst or between those living at that time. It is further adjudged and decreed that from the date of the death of Mamie A. Harrison, the widow and George P. Harrison, Jr., will share equally in the rents, income, and profits of the property covered by said item 7 of the will.

"(3) It is further considered, adjudged, and decreed that item 2 of the will does not create a vested remainder interest in Mamie A. Harrison and George P. Harrison, Jr., in the property covered by said item 2, but their interest is contingent, and, although Mamie A. Harrison is dead and left George P. Harrison, Jr., as her only legal heir, still his interest in the property mentioned in item 2 of the will is contingent."

Smith & Watkins, of Opelika, for appellant.

The appellant is given the right and authority to sell the home. Butts v. Jammes, 68 Fla. 231, 66 So. 1004; Archer v. Palmer, 112 Ark. 527, 167 S. W. 99, Ann. Cas. 1916B, 573; Liggat v. Hart, 23 Mo. 127. The complainant and respondent took a vested remainder in the property mentioned in item 2. Acree v. Dabney, 133 Ala. 437, 32 So. 127.

Denson & Denson, of Opelika, for appellee.

Brief of counsel did not reach the Reporter.

BOULDIN, J. General George P. Harrison, of Opelika, died July 17, 1922. He left surviving Sara N. Harrison, his widow, Mamie A. Harrison, a daughter by a former marriage, and George P. Harrison, Jr., a minor son. Mamie A. Harrison died intestate January 6, 1924, leaving George P. Harrison, Jr., her sole heir.

On November 17, 1920, General Harrison executed his will, which, after his death, was admitted to probate, and Sara N. Harrison was appointed executrix.

The present bill is filed by the executrix against George P. Harrison, Jr., individually and as administrator of the estate of Mamie A. Harrison, deceased, for the construction of the will. The will is set out in full in the report of the case.

The assignments of error present two questions for review:

[1] First. Does the power of sale for reinvestment, conferred upon the executrix under item 10 of the will, extend to and include the family residence devised by item 2?

Taking the will as its own interpreter, we note: The family residence is devised to the sole use of the widow during life or widowhood. By the same item all the furniture, household goods, pictures, and other personalty connected with it, are devoted to like use, and thereafter to be divided among the children. The taxes, insurance, and upkeep of this property for the full period of the life estate of the widow is made a charge upon the estate of the testator. The power of sale in item 10 is coupled with a power to rent any portion of the estate. This is inconsistent with exclusive possession of the widow conferred by item 2. Item 7, directing the keeping together of the estate at large until George P. Harrison, Jr., arrives at the age of 25, declares the rents, income, and profits shall be divided between the widow and children. The power to rent in item 10 is to be taken in connection therewith.

We conclude, from the general structure of the will and the purposes expressed therein, that it was the intention of the testator to segregate the family residence from the remainder of the estate, and by item 2 give a full and complete expression of the testamentary purpose touching its disposition, and that the power to sell or to rent conferred upon the executors is limited to the remainder of the estate covered by items 7 and 8. We find no error in the decree of the court below in the construction of the power conferred upon the executors in the will.

[2-5] Second. Is the devise of the remainder interest in the property under item 2 limited, upon the death or marriage of the widow, "to such of my children as may be then living, to be equally divided between them, share and share alike," a vested or contingent remainder?

We answer: A vested remainder. The law

favors vested rather than contingent estates. The remainder here takes effect in possession upon a certain event—the death of the widow. A devise to a class, such as the children of decedent, persons in being at the death of the testator, having a present right of enjoyment in case the particular estate should fall in. is not rendered uncertain, because, by the death of one or all pending the life estate they may never come into the personal enjoyment of the devise. Here the devise is to the children, the heirs who take the fee by inheritance when not otherwise disposed of. If they take only a contingent estate, the fee meantime must be treated as in abeyance, another result not favored in law.

The will bears internal evidence of an actual intent to create a vested remainder in keeping with the general rules of law. By item 9 the testator makes disposition of his estate in the event of the death of his wife or one or both the children prior to the death of the testator. On the death of the wife, the whole property was to go to the two children equally; on the death of one child, to the widow and surviving child equally; on the death of the wife and one child, to the surviving child; and, on the death of both children, to the surviving widow. In all these provisions the testator speaks of the share the deceased would have taken had he or she "lived until after my death." It will be noted no right of survivorship is declared in the widow except in case of death of the children prior to the death of the testator. As between the children, the residence property goes to the child or children living at the death of the widow, and, as to the other estate, those living when George P. Harrison, Jr., arrives at 25 years of age.

Children "who may be then living" is used in item 2 touching the succession to the residence property, and also in item 8 relating to the other estate. This clause in item 8 cannot be construed as creating contingent remainders, because by item 7 a beneficial interest in the rents, income, and profits is expressly declared in the children from and after the testator's death. The clause is not used as defining the quality of the estate, but to declare a right of survivorship as between the children.

We conclude the will created vested remainder interests in the children, subject to the right of survivorship therein declared. The remainder interest of Mamie was not absolute, but defeasible upon her death pending the life estate without issue surviving. Upon her death, no further survivorship among children being possible, the remainder in the residence property vested absolutely in George P. Harrison, Jr. This, we think, gives effect to the testamentary purpose, and is in accord with the settled rule in Alabama governing such devises. Acree v. Dabney, 133

Ala. 437, 32 So. 127; Duncan v. De Yampert, 182 Ala. 528, 62 So. 673; Pearce v. Pearce, 199 Ala. 491, 497, 74 So. 952; Reynolds v. Love, 191 Ala. 218, 68 So. 27; Bingham v. Sumner, 206 Ala. 276, 89 So. 479; Thorington v. Hall, 111 Ala. 323, 21 So. 335, 56 Am. St. Rep. 54; 2 Wash. Real Prop. §§ 1525, 1545, 21 C. J. p. 984; Crawford v. Carlisle, 206 Ala. 379, 89 So. 565.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.