86 So.2d 829

**Theodore L. WADE, Executor, et al.,**

v.

**Mary P. BRAGG.**

2 Div. 364.

Supreme Court of Alabama.

April 12, 1956.

Graham Kirkpatrick and Theodore L. Wade, Selma, for appellants.

Pettus, Fuller, Reeves & Stewart, Selma, for appellee.

MERRILL, Justice.

This appeal is from a decree overruling respondents' demurrer to the bill of complaint. The bill was filed by the appellee, Mary ·P. Bragg, under the Declaratory Judgment Act, Code 1940, Tit. 7, § 156 et

seq., seeking a construction of the will and codicil of Annie M. Carson. The respondents, appellants here, are the executor and residuary devisees and beneficiaries under the last will and testament of Eva Mae Moseley, a sister of Annie M. Carson.

The Carson will was dated April 16, 1937 and item 3 of said will devised to testatrix' sister, Eva Mae Moseley, all the rest and residue of her estate not specifically devised. The codicil dated January 7, 1943, annulled item 3 of the original will and substituted the following:

> "Item 3. I give and devise the Olds Place, (we omit description) to my sister, Eva Mae Moseley, for and during her natural life, and at her death to vest in fee simple in Thomas Bragg, who is now an official of the Alabama Power Company, at Birmingham, Alabama. I give and devise, in fee simple, to my sister, Eva Mae Moseley, all the rest and residue of my property."

The testatrix, Annie M. Carson, died on October 4, 1943 and the will and codicil were duly admitted to Probate in Dallas County. The remainderman, Thomas Bragg, was living on that date; he married complainant on October 16, 1943 and died on October 30, 1943, devising all of his property to complainant. Eva Mae Moseley died on May 18, 1954.

Quoting from Appellants' brief, "The only point of disagreement is, the Complainant contends that the words "to my sister, Eva Mae Moseley, for and during her natural life, and at her death to vest in fee simple in Thomas Bragg", as used in the codicil to the will of Annie M. Carson devise an interest to Thomas Bragg which became vested on the death of the testator, whereas, the Respondents say, that the very words themselves plainly show the intent of the testator that the interest in the "Olds Place" devised to Thomas Bragg should not vest until the death of Eva Mae Moseley."

■ One question not raised in brief requires disposal. Ordinarily, this Court will not make a declaration of rights in a case of this character when the appeal is from a decree overruling a demurrer to the bill, even when the bill shows a justiciable controversy. But this Court has done so when counsel on both sides have argued the case on appeal on the basis that our decision will settle the controversy and seem desirous of a decision through that procedure, and where there is no factual controversy between the parties that can arise and be made available by answer, and where only a question of law is presented for decision. Atkins v. Curtis, 259 Ala. 311, 66 So.2d 455. Those conditions prevail in the instant case.

Code of Alabama 1940, Title 47, § 140 reads: "Remainders are either vested or contingent. A vested remainder is one limited to a certain person at a certain time, or upon the happening of a necessary event. A contingent remainder is one limited to an uncertain person, or upon an event which may or may not happen."

Again, we quote from appellants' brief: "The pivotal question both on the argument on demurrers before the Circuit Court * * * and on this appeal is, whether the remainder to Thomas Bragg, created by the will of Annie M. Carson, vested at the death of the testator, or was it contingent?"

In Phinizy v. Foster, 90 Ala. 262, 7 So. 836, 837, this Court said:

> "The pivotal question is whether the estate in remainder, created by the will, vested at the death of the testator, or was it contingent? The distinguishing characteristics are: A remainder is said to be vested when the estate passes out of the grantor at the creation of the particular estate, and vests in the grantee during its continuance, or *eo instanti* that it determines, when a present interest passes to a certain and definite person, to be enjoyed *in futuro*, and is said to be contingent, when the estate is limited either to a dubious and uncertain person, or upon the happening of a dubious or uncertain event,—uncertainty of the *right* of enjoyment, as distinguished from the uncertainty of possession.

[Doe] Lessee of Poor v. Considine, 6 Wall. 458 [18 L.Ed. 869]. It is an established principle that estates are regarded contingent when the event upon which they take effect may or may not happen."

The case of McCurdy v. Garrett, 246 Ala. 128, 19 So.2d 449, is very much in point. Item 2 of the will in that case, stricken of non-pertinent words insofar as we are concerned, is " 'I hereby give, devise and bequeath to my wife * * * all of my property * * * during her natural life * * *; but upon her death, * * * then all the said property shall vest share and share alike in my children * * * * ' ". The will also provided that in the event any of the children should die leaving descendants, that child's share should go to such descendants, but if a deceased child left no descendants, then such share was to be divided among the surviving brothers and sisters.

This Court upheld the contention of the children of the testator that they took a vested remainder in fee at the testator's death, saying:

" 'The settled law is that a will speaks from the death of the testator, and that, in the absence of a clear manifestation of the testator's intent to the contrary, estates shall be held to vest at the earliest possible period. The intent to postpone the vesting of an estate must be clear, and must not arise by mere inference or construction. "The law will not construe a limitation in a will into an executory devise when it can take effect as a remainder, nor a remainder to be contingent when it can be taken to be vested." * * *.' Duncan v. De Yampert, 182 Ala. 528, 62 So. 673, 674. * * * So that the complainants named in the bill (the children), all of whom are sui juris, own and hold the entire title to said property and have the right to sell and convey the same; and, so long as they jointly agree, to dispose of the proceeds thereof as they see fit."

In Springer v. Vickers, 259 Ala. 465, 66 So.2d 740, 741, the will devised property to the testator's wife " 'for her natural life, and, at her death, the same is to be divided among the following named persons, * * *. In the event that any of the parties above mentioned in this paragraph die prior to the above mentioned property vesting in them, then his or her share shall go to his or her children, if any, and if there are no children, then his or her share shall be equally divided among the surviving of the above named parties.' " All of the persons named in the will were living at the time of the testator's death, but some of the remaindermen died prior to the death of the life tenant. The Court said:

"The specific and decisive question presented is whether these deceased remaindermen acquired, at testator's death, a transmissible interest in the property, that is, an interest which was alienable, devisable and descendible. The lower court held that they did. Appellant insists it was the testator's intention to postpone vesting of the remainder interest until the death of the life tenant; that vesting of such interest was made contingent on the persons named as remaindermen surviving the life tenant.

"We have been favored with helpful briefs. Our conclusion is, after full consideration of the arguments made, that the decree of the trial court is due to be affirmed. We see no escape from this conclusion when the will is considered in the light of recognized rules of construction."

In Patterson v. First National Bank of Mobile, 261 Ala. 601, 75 So.2d 471, 474, the pertinent provisions of the will gave all the testator's property except $4,000 to his wife, Lena, and then provided " 'I direct that my estate shall be kept together until the death of my said wife, Lena, the income thereof to be used for her support, and upon her death, my estate shall be equally divided between the two daughters of my brother, Isaac Lichtbach.' " The daughters were Pauline and Cecile. It was there con-

tended that it was not intended that the remainder interest should vest until the death of Lena, to whom was given a life estate and that the remainder could not vest in Pauline, because she had died before Lena died. We said:

"It is clear to us that the remainder interest provided for in the will of Marcus vested at his death. See section 140, Title 47, Code; Harrison v. Harrison, 213 Ala. 418, 105 So. 179; Betts v. Renfro, 226 Ala. 635, 148 So. 406; Watters v. First National Bank, 233 Ala. 227, 171 So. 280; George v. Widemire, 242 Ala. 579, 7 So.2d 269, 272; Allen v. Maxwell, 249 Ala. 655, 32 So.2d 699. The cases cited by appellee do not conflict. Pauline and Cecile were both living when Marcus died, so that there was no lapse."

Applying the authorities cited, supra, and the many other cases cited and discussed therein, we hold that the words of the codicil devised a life estate to the sister Eva Mae Moseley, with remainder in Thomas Bragg. So long as the life estate was outstanding, the remainder interest, while a vested remainder, was not and could not be a fee simple title. As we understand their argument, appellants would agree with us if the words "in fee simple" had not followed the word "vest" in the codicil. They contend that these are words of modification. We think they are merely words of explanation, making it clear that Bragg would have fee simple title when the life estate was terminated by the death of the life tenant. We think the intention of the testatrix was that he receive, at her death, "an interest which was alienable, devisable and descendible" without regard to the length of time Eva Mae Moseley might live and thus delay his right of possession. It follows that the decree of the lower court should be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON and GOODWYN, JJ., concur.