130 So.2d 336

Arthur Joe GRANT, Commissioner of Revenue,

v.

**WEST POINT MANUFACTURING COMPANY.**

3 Div. 837.

Supreme Court of Alabama.

May 25, 1961.

John Patterson, Atty. Gen., and Willard W. Livingston and H. Grady Tiller, Asst. Attys. Gen., for appellant.

Rushton, Stakely & Johnston, Montgomery, and Burr, McKamy, Moore & Thomas, Birmingham, for appellee.

GOODWYN, Justice.

This is an appeal by the respondent State Commissioner of Revenue from a decree of the circuit court of Montgomery County, in equity, overruling his demurrer to a bill filed by appellee (West Point Manufacturing Company) seeking a refund of income tax payments made by it for the fiscal years 1950, 1951 and 1952. During those years, appellee was an Alabama corporation.

The bill is brought pursuant to Code 1940, Tit. 51, § 410, as amended by Act No. 826, § 1, appvd. Sept. 12, 1951, Acts 1951, p. 1457. Section 410 provides for a proceeding by the taxpayer "in the nature of a mandamus proceeding to require the department of revenue to certify to the comptroller, the amount due to be refunded to such taxpayer." The bill seeks relief under this section and also, in the alternative, a declaratory judgment interpreting § 402, Subdiv. 6, Tit. 51, Code 1940, as amended by Act No. 317, appvd. July 7, 1945, Gen.Acts 1945, p. 510. (The 1945 amendment made no change in Subdiv. 6.) Section 402, Subdiv. 6, provides as follows:

"§ 402. Deductions allowed (corporations).—In computing the net income of domestic corporations doing business in this state subject to the tax imposed by section 398 of this title, there shall be allowed as deductions: * * * (6) The amounts received as dividends from a corporation, or any subsidiary corporation of which the parent corporation owns as much as fifty percent of the capital stock, which is taxable under this title upon the net income of the parent corporation or the subsidiary."

The bill alleges, in substance, that complainant, during the fiscal years here involved and until August 29, 1955, was a domestic corporation; that, during said years, it was doing business and taxable

upon its income in Alabama and owned 100% of the capital stock of its subsidiary Wellington Sears Company, a Massachusetts corporation, 99% of the capital stock of its subsidiary Columbus Manufacturing Company, a Georgia corporation, and 70% of the capital stock of its subsidiary Cabin Crafts, Inc., a Georgia corporation; that none of said foreign corporations did any business or derived any income from property or operations in Alabama and none paid income taxes to Alabama during said three taxable years here involved. It is further alleged that complainant erroneously reported and included in its income tax return for its fiscal year ending August 31, 1950, "the amount of dividends received from said Wellington Sears Company, Columbus Manufacturing Company and Cabin Crafts, Inc., and paid Alabama income taxes thereon directly to the State Department of Revenue in the amount of $46,028.84 on August 13, 1951." It is similarly alleged that it paid Alabama income taxes on dividends received from such subsidiaries during its fiscal year ending August 31, 1951, in the amount of $63,380.84, and during its fiscal year ending August 31, 1952, in the amount of $14,791.08. Complainant seeks a refund of these amounts, together with interest thereon at the legal rate.

■ In the present state of the case, the only things before us are the bill of complaint, the demurrer addressed thereto, and the decree overruling the demurrer. There is nothing in the record showing what has been the administrative or departmental construction of § 402(6). However, in argument, appellant lays some store on the effect which such construction should have in arriving at the meaning of the statute; and appellee has made answer to such argument. But those matters are not now before us. The importance of having before us, prior to our consideration of the statute, all matters bearing on its meaning, seems obvious. Accordingly, we think it best to withhold further comment on the statute at this time and will simply affirm the decree overruling the demurrer. In so doing, we are influenced in some measure by the rule that requires a reconsideration of a decision in a case when there is a later appeal in the same case. See Code 1940, Tit. 13, § 28; Bonner v. Barber, 269 Ala. 591, 592(1), 114 So.2d 400, and cases there cited. We have not overlooked the fact that appellant has created the situation by appealing from the ruling on the demurrer rather than pleading further and proceeding to a final decree on the merits. The importance of the case persuades us that our action is appropriate.

■ It should be noted, also, with respect to the declaratory judgment phase of the proceeding, that a demurrer is rarely appropriate in such an action. Curjel v. Ash, 261 Ala. 42, 72 So.2d 732; Anderson, Declaratory Judgments, 2d Ed., § 318, p. 743. And we have held that, ordinarily, this court will not make a declaration of rights in such a case when the appeal is from a decree overruling a demurrer to the bill, even when the bill shows a justiciable controversy. Wade v. Bragg, 264 Ala. 239, 86 So.2d 829, 830. However, we have done so "when counsel on both sides have argued the case on appeal on the basis that our decision will settle the controversy and seem desirous of a decision through that procedure, and where there is no factual controversy between the parties that can arise and be made available by answer, and where only a question of law is presented for decision." Wade v. Bragg, supra; Atkins v. Curtis, 259 Ala. 311, 66 So. 2d 455. But here, as already noted, it appears there are additional facts which may or could be appropriate for consideration before a final declaration of rights is made.

The costs will be assessed against appellant.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.