A bill for declaratory judgment filed by the Jefferson County Board of Cosmetological Examiners was dismissed by the Montgomery County Circuit Court for failure to state a claim upon which relief can be granted. We affirm.
Plaintiffs are members of the Jefferson County Board of Cosmetological Examiners which was established by Code of Ala., Tit. 62, §§ 279-289 (Recomp. 1958), a comprehensive act regulating the practice of cosmetology in Jefferson County. On May 23, 1977, the Governor approved Act No. 668 which purports to regulate the practice of cosmetology in all counties of the state. The 1977 Act includes a provision which states:
 "This Act shall become effective in all counties unless within 6 months after the effective date of this Act a writing subscribed to by the Judge of Probate and the County governing body requesting not to come under the provisions of this Act and upon the adoption of a resolution by a majority vote of the board of revenue, court of county commissioners, or other like governing body of the county, whereby the county elects not to come under the provisions of said Act." Act No. 668, § 33 1/2.
The governing body of Jefferson County advised plaintiffs that they would not pass a resolution preventing Jefferson County from coming under the 1977 Act. Plaintiffs then filed the instant bill alleging that the 1977 Act did not abolish by implication the Jefferson County Board of Cosmetological Examiners and asking the Circuit Court to so declare. Defendants, members of the Alabama State Board of Cosmetology, the entity created by the 1977 Act, filed a motion to dismiss under ARCP 12 (b)(6) premised upon lack of a justiciable controversy. This motion was granted and plaintiffs appealed.
Declaratory judgments are governed by §§ 6-6-220 — 6-6-232, Code of Ala. 1975, and ARCP 57. Motions to dismiss are rarely appropriate in declaratory judgment proceedings. Grant v. WestPoint Manufacturing Co., 272 Ala. 280, 130 So.2d 336 (1961). Such a motion does, however, serve one purpose, that of determining whether the bill states the substance of a bona fide justiciable controversy which should be settled. Moore v.City of Fairhope, 275 Ala. 506, 156 So.2d 366 (1963). If no justiciable controversy exists when suit is commenced the trial court has no jurisdiction. In determining whether or not a justiciable controversy exists it must be kept in mind that, "`The declaratory judgment statutes do not empower courts to decide moot questions, abstract propositions or to give advisory opinions, however convenient it might be to have the questions decided for the government of future cases.'" Stateex rel. Baxley v. Johnson, 293 Ala. 69, 300 So.2d 106 (1974). "Allegations which *Page 556 
merely show that the plaintiff anticipates such a [justiciable] controversy may arise are not sufficient to invite judicial declaration of rights." Smith v. Alabama Dry Dock Shipbuilding Co., 293 Ala. 644, 309 So.2d 424 (1975).
We are of the opinion that the case at bar does not present a justiciable controversy and, consequently, the motion to dismiss was properly granted. There is no indication in the record or even the briefs that any action has been or will be taken in derogation of plaintiff's responsibilities under Tit. 62, §§ 279-289. Plaintiffs are simply concerned that their positions may be abrogated in the future and in effect ask us for an advisory opinion as to their status.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.