(128 So. 893)

### INGRAM et al. v. HOWARD et al.

8 Div. 157.

Supreme Court of Alabama.

May 29, 1930.

Pollard & Harris and Andrews, Peach & Almon, all of Sheffield, for appellee Clark.

BROWN, J.

It is incumbent on mechanics and materialmen, who claim and seek to enforce statutory liens, to aver and prove a compliance with the provisions of the statute in respect to filing a verified statement in the office of the judge of probate of the county in which the property on which the lien is sought to be established is situated. Code 1923, § 8836; Robinson et al. v. Crotwell Brothers Lumber Co., 167 Ala. 566, 52 So. 733; Gilbert v. Talladega Hdw. Co., 195 Ala. 474, 70 So. 660; Wilbourne et al. v. Mann et al., 203 Ala. 26, 81 So. 816.

It must be conceded that the averment of paragraph 5 of the bill, as amended, that complainants filed a verified statement in the office of the judge of probate of Colbert county, claiming a lien on the said lot, and the improvements thereon, "in compliance with and in conformity to the laws of the State of Alabama," is in part an averment of a mere legal conclusion, and is not sufficient to withstand an appropriate specific ground of demurrer; yet the 6th, 7th, and 10th grounds of the demurrer, sustained to the bill as last amended, specify no such defect, are in substance general demurrers, and are not sufficient to uphold the decree sustaining the demurrer. Code 1923, § 6553.

Nathan, Nathan & Nathan, of Sheffield, for appellants.

As was held in Whitfield v. Howard et al. (Ala. Sup.) 128 So. 137,[1] Howard as the vendee of Clark, after payment of part of the purchase money and construction of the building in part compliance with the contract between Clark and Howard, had such interest in the property as made him the owner or proprietor within the meaning of the statute. Code 1923, § 8860; Gravlee v. Williams, 112 Ala. 539, 20 So. 952; Ridgeway v. Broadway et al., 91 S. C. 544, 75 S. E. 132; Salzer Lumber Co. v. Claflin et al., 16 N. D. 601, 113 N. W. 1036: Eastern Ohio Oil Co. v. McEvoy, 75 Kan. 515, 89 P. 1048; Sorg v. Crandall et al., 233 Ill. 79, 84 N. E. 181; Crutcher et ux. v. Block, 19 Okl. 246, 91 P. 895, 14 Ann. Cas. 1029.

---

[1] Ante, p. 171.

The extent of the lien is declared by the statute, as "on such building or improvements and on the land on which the same is situated, to the extent in ownership of all the right, title, and interest' therein of the owner or proprietor," etc. (Code 1923, § 8832), and the lien may be enforced against the building or improvement, or against said building or improvement, and the land, as the facts of the particular case may warrant. Turner v. Robbins, 78 Ala. 592; Bedsole v. Peters, 79 Ala. 133; Hughes v. Torgerson, 96 Ala. 346, 11 So. 209, 16 L. R. A. 600, 38 Am. St. Rep. 105.

The demurrer to the bill as last amended was not well taken, and the trial court erred in sustaining it, and for this error the decree is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.