54 So.2d 577

## YONGUE v. YONGUE.
### 7 Div. 25.

Supreme Court of Alabama.
Oct. 18, 1951.

LAWSON, Justice.

In a suit instituted by Alice Yongue against T. L. Yongue, the circuit court of Calhoun County, in equity, on April 15, 1949, rendered a decree of divorce *a vinculo matrimonii* on the ground of cruelty. The decree further provided:

"It is further ordered, adjudged and decreed that the respondent pay to the Register of this Court for the complainant the sum of Three Hundred Dollars in lieu of alimony, past, present or future; provided further that the complainant, before receiving the said Three Hundred Dollars from the Register of this Court, must move herself and her personal property off of the premises now occupied by her, the same being owned by the respondent in this cause, and being described in the bill of complaint; and the Register of this Court is hereby directed, upon the complainant giving satisfactory evidence to him that she has moved from the said premises, to pay the said sum of Three Hundred Dollars to the complainant.

"It is further ordered, adjudged and decreed that the respondent pay to the Register of this Court the sum of One Hundred Dollars as Solicitor's fee, for the Solicitor for the complainant in this cause; and the costs of this case are hereby taxed against the respondent, for which let execution issue.".

On May 11, 1949, within thirty days from the date on which the decree was rendered, the complainant, Alice Yongue, filed with the register and presented to the trial judge what is called a motion for a new trial, which was in effect an application for rehearing under Equity Rule 62, Code 1940, Tit. 7 Appendix. The trial court set May 27, 1949, as the day for hearing the application. Equity Rule 62. After hearing on the application the trial court, on May 28, 1949, rendered a decree denying the motion for new trial or application for rehearing.

The record shows that on June 14, 1949, bond to secure costs of appeal was filed with the register by complainant below, appellant here, which bond was approved on the day of filing.

Wm. C. Bibb, Anniston, for appellant.

Young & Young, Anniston, for appellee.

The cause was submitted here on the merits and on motion of appellee to dismiss the appeal.

The ground of the motion to dismiss the appeal is that prior to the taking of the appeal the respondent below, appellee here, paid to the register the amount of money which he was required to pay under the terms of the decree and that complainant below, appellant here, received the money so paid by complainant below, and thereby accepted, ratified and confirmed the decree of the trial court.

■ It is well settled that this court may entertain such a motion and compel the parties whose decrees have been paid and satisfied to refund the moneys thus paid to them, or to dismiss the appeal. Bell v. Crowe, 221 Ala. 609, 130 So. 377.

In support of his motion to dismiss the appeal, appellee has filed here an affidavit of the register of the court. Appellant has also filed an affidavit of the register. From these affidavits the following facts are made to appear:

The register would not approve the bond filed by appellant as security for costs. He had a conversation with the attorney now representing appellant and advised him of that fact. Said attorney then stated to the register, according to the register's affidavit filed here by appellant, "that Mrs. Yongue was living in a house owned by the appellee, Mr. Yongue, and if she lost the case she would be entitled to the $300 formerly deposited with me as Register by Mr. Yongue, and that in the event she lost the case, I could take the cost of the appeal out of the money she would be entitled to on the affirmance of the original decree." Thereafter Mrs. Yongue signed and had delivered to the register the following letter: "I understand from you that in the case of Alice Yongue vs. T. L. Yongue, in which I am the complainant, you have collected from T. L. Yongue $300. which was to have been turned over to me under the decree from which I have taken an appeal. In order to induce you to approve the security for costs filed in your office on June 14, 1949, I consent, insofar as I am concerned and for any right to

speak in the matter, that you may hold the said $300. to abide the result of the proceedings in the Supreme Court, and if the decree is allowed to stand, you may deduct all costs of the appeal from the $300."

In view of the position taken by Mrs. Yongue, the register approved the bond tendered as security for costs and now holds the $300 which the respondent, Mr. Yongue, had paid to him in accordance with the terms of the decree.

■ While this procedure is somewhat irregular, we are not willing to dismiss the appeal on the theory that the complainant below, appellant here, has accepted, ratified and confirmed the decree of the trial court. The payment by the respondent was not coerced by execution and we are unable to see how the respondent below, appellee here, has been hurt. This case being in equity, the power of this court to dismiss the appeal on the ground stated in the motion to dismiss is discretionary, to be exercised only for the prevention of injustice, oppression or vexation. Phillips v. Towles, 73 Ala. 406.

The motion to dismiss the appeal is denied.

There are four assignments of error, as follows:

"1. The Court erred in rendering the final decree divorcing appellant from appellee (transcript page 17 and 18).

"2. The Court erred in failing to render a decree divorcing Complainant from the bed and board of Respondent.

"3. The Court erred in denying Complainant's motion to set aside the final decree and grant a new trial (transcript page 20).

"4. The decree denying the motion to set aside the final decree and grant a new trial is plainly and palpably wrong and unjust."

■ The brief on behalf of appellant fails to comply with Supreme Court Rule 10, Code 1940, Tit. 7, Appendix. It contains what is termed a statement of the case and propositions of law. No reference is made in the brief to any of the assignments of error and there is no argument in the brief whatsoever.

■ As to the first two assignments of error, it is sufficient to say that the decree rendered by the trial court granting to complainant below, appellant here, an absolute divorce is in accord with the pleading and proof.

■ The last two assignments of error relate to the trial court's action in failing to set aside the final decree and grant a new trial.

In Whitman v. Whitman, 253 Ala. 643, 645, 46 So.2d 422, 424, we said:

"The appeal is taken from the final decree only, as was appropriate. But the assignments of error include the decree denying a rehearing. That decree was not subject to review by assignments of error made on appeal from the final decree. The duty to include it in the transcript, as held in Campbell v. Rice, 244 Ala. 144, 12 So.2d 385, does not aid appellant in this connection. It cannot be considered in determining whether there was error in rendering the final decree. We are not therefore privileged to review the ruling of the court on the motion for a rehearing, and it serves no purpose on this appeal.

"Affirmed."

Motion to dismiss the appeal is denied.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and FOSTER and SIMPSON, JJ., concur.