63 So.2d 372

WOOD, WIRE & METAL LATHERS INTERNATIONAL, LOCAL NO. 216, et al. v. BROWN & ROOT, Inc.

1 Div. 526.

Supreme Court of Alabama.

Feb. 26, 1953.

W. C. Taylor, Mobile, for appellants.

432

John H. Tappan, of Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellee.

LAWSON, Justice.

The circuit court of Washington County, in equity, on May 26, 1952, overruled the demurrer of appellants to the appellee's bill. On June 3, 1952, appellants filed a motion to set aside the decree of May 26, 1952, overruling the demurrer and to make and enter a decree sustaining the demurrer. This motion was overruled on June 4, 1952.

The appeal bond recites that it is from the decree of May 26, 1952, and the decree of June 4, 1952, that the appeal is taken and by assignments of error appellants seek to have this court review both decrees.

The decree of June 4, 1952, is not reviewable. No appeal is authorized by statute to this court from a decree overruling a motion to set aside a decree overruling or sustaining demurrer to a bill of complaint as originally filed or as amended. Thomas v. Thomas, 214 Ala. 293, 107 So. 810. Equity Rule 62, which relates to applications for rehearing in equity, has no application to interlocutory decrees. Scott v. Leigeber, 245 Ala. 583, 18 So.2d 275; Scott v. Scott, 247 Ala. 266, 24 So.2d 25. And even when the provisions of Equity Rule 62, Code 1940, Title 7, Appendix, are properly invoked, an appeal does not lie from a decree in response to the application for rehearing unless the original decree has been modified. Spurling v. Spurling, 250 Ala. 612, 35 So.2d 502; Valenzuela v. Sellers, 253 Ala. 142, 43 So.2d 121, and cases cited; Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422; Yongue v. Yongue, 256 Ala. 302, 54 So.2d 577.

The appeal was taken within thirty days from May 26, 1952; therefore, we will review the decree entered on that day.

The question is, did the trial court err in overruling the demurrer?

We are not concerned on this appeal with the motion to dissolve the temporary injunction, which motion does not appear to have been acted upon.

In passing on the question presented, we can give no consideration to the allegations of the answer which has been included in the record. Barnett v. Dowdy, 207 Ala. 641, 93 So. 638; Van Antwerp Realty Corp. v. Cooke, 230 Ala. 535, 162 So. 97.

The demurrer begins: "Come the respondents, in the above entitled cause and demur to the bill of complaint in all aspects thereof separately and severally on the following separate and several grounds." Then follow nine grounds of demurrer. These grounds of demurrer clearly go to the bill as a whole. First Nat. Bank of Birmingham v. Bonner, 243 Ala. 597, 11 So.2d 348; Smith-Howard Gin Co. v. Ogletree, 251 Ala. 366, 37 So.2d 507; Cook v. Whitehead, 255 Ala. 401, 51 So.2d 886;.

Woods v. Allison Lumber Co., Ala.Sup., 62 So.2d 229.

The demurrer continues: "Come the respondents and especially demur to that aspect of the bill of complaint charging or attempting to charge grounds to support the injunction found in paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 of the bill of complaint on the following separate and several grounds." Then follow thirty-three grounds of demurrer. In addition to the caption and address, there are thirteen paragraphs in the bill, together with prayer for process and prayer for relief. Paragraphs 1 and 2 constitute the introduction. The stating part of the bill includes all of the remaining paragraphs 3 through 13. Hence, by referring to the "aspects" of the bill contained in paragraphs 3 through 13, the demurrant has accomplished nothing more than to demur to the bill as a whole.

We have said in many cases that grounds of demurrer not argued are treated as waived where the appeal is from a decree overruling a demurrer to a bill in equity. See Cook v. Whitehead, supra, and cases there cited.

So our review here is limited to those grounds of demurrer, properly addressed, which have been argued in brief of counsel for appellant.

The demurrer confessed the averments of the bill to be true. Aside from the affidavits referred to in the verification, the averments of the bill are sufficient to make out a case for injunctive relief and the grounds of demurrer to the effect that the bill is without equity were properly overruled. Broadly stated, the purpose of the bill is to enjoin unlawful picketing. The bill avers that the picketing has been conducted by about 300 persons, members of the various labor organizations made respondents to the bill, and that the individual respondents have been connected therewith as officials of one of such organizations. The bill also charges that the picketing has been accompanied by breaches of peace, violence, threats and intimidation towards complainant's employees and that the means of ingress and egress to the place where complainant was engaged in the construction of a plant have been blocked.

That equity has jurisdiction to enjoin such conduct is fully settled. We see no occasion to treat this question at length, as we feel that the following quotation from Hotel and Restaurant Employees, etc., v. Greenwood, 249 Ala. 265, 274, 30 So.2d 696, 701, is sufficient:

"Both the Swing [American Federation of Labor v. Swing, 312 U.S. 321, 61 S.Ct. 568, 85 L.Ed. 855] and Angelos [Cafeteria Employees Union v. Angelos, 320 U.S. 293, 64 S.Ct. 126, 88 L.Ed. 58] cases contain authoritative pronouncements that in labor controversies concerning wages, hours and working conditions, the right of peaceful picketing to advertise a labor controversy cannot be taken away merely because in the course of the picketing there may have been episodic and isolated instances of abuse falling far short of violence. Of like import is the holding in Milk Wagon Drivers Union v. Meadowmoor Dairies, 312 U.S. 287, 61 S.Ct. 552, 556, 85 L.Ed. 836, 132 A.L.R. 1200, where it was said: 'Right to free speech in the future cannot be forfeited because of disassociated acts of past violence.'

"The courts in thus speaking of the right of labor to strike and lawfully advertise its cause were not dealing with situations where there was combination or conspiracy to maliciously injure or where there were suggestions of attempted monopoly, unlawful coercion or intimidation, fraud, threatened violence, breach of the peace or remoteness of legal purpose of the union, etc. (cf. American Steel Foundries v. Tri-City [Central Trades] Council, 257 U.S. 184, 210, 42 S.Ct. 72, 66 L.Ed. 189, 27 A.L.R. 360; Truax v. Corrigan, 257 U.S. 312, 327, 328, 337, 346, 42 S. Ct. 124, 66 L.Ed. 254, 27 A.L.R. 375; Milk Wagon Drivers Union v. Meadowmoor Dairies, supra; Union Pacific R. R. [Co.] v. Ruef, C. C., 120 F. 102), for concededly judicial restraint is permissible in such cases as also where, though the aim be lawful, the strike is attended with real or threatened violence, force or coercion or con-

duct otherwise unlawful or oppressive, such as mass picketing or even peaceful picketing when 'enmeshed with contemporaneously violent conduct which is concededly outlawed.' For 'utterance in a context of violence can lose its significance as an appeal to reason and become part of an instrument of force.' Milk Wagon Drivers Union v. Meadowmoor Dairies, supra, 312 U.S. at pages 292, 293, 61 S.Ct. at page 554, 85 L.Ed. 836, 132 A.L.R. 1200. Cf., also, Thornhill v. State of Alabama [310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093], supra; Scofes v. Helmar [205 Ind. 596, 187 N.E. 662], supra; Carlson v. People of State of California, 310 U.S. 106, 113, 60 S.Ct. 746, 84 L.Ed. 1104; American Steel Foundries. v. Tri-City [Central Trades] Council, supra; Nann v. Raimist [255 N.Y. 307, 174 N.E. 690, 73 A.L.R. 669], supra; Hardie-Tynes Mfg. Co. v. Cruise [189 Ala. 66, 66 So. 657], supra; 132 A.L.R., note p. 1218 et seq., and cases there cited; Fashioncraft [Inc.] v. Halpern, 313 Mass. 385, 48 N.E.2d 1."

A number of grounds of demurrer are addressed to specific averments of the bill as being conclusions. None of these grounds of demurrer is sufficiently argued in brief to require treatment at length. However, we have considered those grounds in consultation and do not think they were well taken.

The grounds of demurrer which question the verification of the bill are not well taken. It is true that a bill which seeks a temporary injunction should be sworn to. Equity Rule 12; Campbell v. State, 242 Ala. 215, 5 So.2d 466. If such a bill is not properly verified the temporary injunction should not issue and if it is issued the method of reaching the defect is by motion. But if improperly verified, the bill, although seeking a temporary as well as a permanent injunction, is not subject to demurrer because of such improper verification. Campbell v. State, supra; Nolen v. Wiley, 246 Ala. 482, 21 So.2d 322. In treating this point as we have done we do not mean to indicate that we have passed on the sufficiency of the verification. See Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269.

The bill is signed "Brown & Root, Inc., By Brown Booth, Assistant Vice-President" and by "Pillans, Reams, Tappan, Wood & Roberts, Solicitors for Petitioner & Grady W. Hurst, Jr." Ground 4 of the demurrer reads: "That from aught that appears, the cause of action is not brought or authorized to be brought by the alleged Petitioner," and Ground 5 reads: "That from aught that appears, the said Brown Booth is not authorized to act on behalf of the Petitioner in bringing this cause of action."

These grounds of demurrer were properly overruled. We know of no statute or rule which requires a complaint or other pleading of a corporation to be signed by the proper officer of the corporation where it is represented by counsel. The signature of Brown Booth is surplusage because the bill is signed by attorneys in compliance with the requirements of Equity Rule 115. There is no ground of demurrer challenging the authority of the attorneys. If there were such grounds, they would be unavailing, for the proper method of questioning the authority of attorneys is by motion or plea in abatement. Ex parte Riley, 247 Ala. 242, 23 So.2d 592; Caples v. Nazareth Church of Hopewell Ass'n, 245 Ala. 656, 18 So.2d 383; Mitchell v. Church of Christ at Mt. Olive, 219 Ala. 322, 122 So. 341, and cases cited; § 48, Title 46, Code 1940.

As regards the grounds of demurrer challenging certain sections of the bill as being indefinite and lacking the requisite certainty in averment, it may be observed that while it is necessary for bills in equity to have such degree of certainty that respondent may be distinctly informed of the nature of the claim made against him and of what he is called on to answer, the same precision of statement is not generally required in equity as at law, and the certainty with which averments must be made will depend on the particular case. In Horn v. Peek, 246 Ala. 241, 243, 20 So.2d 234, 235, we said: " * * * It is immaterial what particular language is used in a bill seeking relief and what legal conclusions

are drawn by the pleader, if the facts are alleged and a distinct equity power is authorized and sought expressly or impliedly."

Ordinarily, surplusage does not render a pleading subject to demurrer. Buettner Bros. v. Good Hope Missionary Baptist Church, 245 Ala. 553, 18 So.2d 75. Prolixity is reached by motion to strike rather than by demurrer. Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, 9 A.L.R.2d 974; Atlantic Coast Line R. Co. v. Carroll, 208 Ala. 361, 94 So. 820. See Worthington v. Miller, 134 Ala. 420, 32 So. 748; Sims Chancery Practice, § 228. And motion to strike has been recognized as proper method of getting impertinent matter out of a bill. Boozer v. Blake, 245 Ala. 389, 17 So.2d 152.

We have treated all of the grounds of demurrer sufficiently argued in brief.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.