97 So.2d 793

**T. E. BONNER**

v.

**T. H. BARBER.**

6 Div. 148.

Supreme Court of Alabama.

Aug. 22, 1957.

Rehearing Denied Nov. 14, 1957.

Graham, Bibb, Wingo & Foster, Birmingham, for appellant.

Lowe & Williams, Birmingham, for appellee.

LAWSON, Justice.

This is an appeal from a decree of the circuit court of Jefferson County, in equity, overruling the demurrer of T. E. Bonner to a bill filed against him by T. H. Barber.

The bill seeks to enforce a statutory mechanic's and materialman's lien. §§ 37–65, Title 33, Code 1940.

It is provided in § 41, Title 33, supra, in part as follows: "It shall be the duty of every person entitled to such lien to file in the office of the judge of probate of the county in which the property upon which the lien is sought to be established is situated, a statement in writing, verified by the oath of the person claiming the lien, or of some other person having knowledge of the facts," etc. Our cases are to the effect that it is incumbent upon the complainant to aver a compliance with the provisions just quoted. Ingram v. Howard, 221 Ala. 328, 128 So. 893, and cases cited; Emanuel v. Underwood Coal & Supply Co., 244 Ala. 436, 14 So.2d 151.

It is alleged in the bill presently under consideration as follows: "Complainant further avers that on, to-wit, the 21st day of December 1956 he filed in the Office of the Judge of Probate of Jefferson County, Alabama, being the county in which the real estate hereinafter described is situated and upon which a lien is claimed, a written statement verified by oath, in which it sets forth: * * *"

The demurrer of the respondent below, the appellant here, contained grounds which took the point that the bill of complaint failed to show a compliance with the provisions of § 41, Title 33, supra, in that it was not made to appear therein that the written statement alleged to have been filed was verified "by the oath of the person claiming the lien, or of some other person having knowledge of the facts."

It is those grounds of the demurrer which the appellant asserts were well taken and the overruling of which he insists constitutes reversible error.

In support of his contention the appellant relies upon two of our cases, Gorr Lumber Co. v. McMillan, 225 Ala. 303, 143 So. 173, and Ingram v. Howard, supra.

We do not think either of those cases is supportive of the position taken by appellant. In the Gorr Lumber Co. case, supra, a copy of the statement in writing required by the provisions of law now codified as § 41 of Title 33, supra, was attached as an exhibit to the bill and it affirmatively appeared therefrom that the statement was not in fact verified in that it did not appear to have been signed by any person.

The holding in Ingram v. Howard, supra, is to the effect that a bill which goes no further than averring that a written statement was filed in the office of the judge of probate "in compliance with and in conformity to the laws of the State of Alabama" is not good as against apt demurrer. We understand that observation to be directed at the failure of the complaint to contain the requirements of § 41, Title 33, in addition to verification.

■ We are of the opinion that the decree of the trial court overruling appellant's demurrer is in accord with the holding of this court in Gilbert v. Talladega Hardware Co., 195 Ala. 474, 70 So. 660. In that case a bill of complaint was filed wherein it was averred in part as follows: "* * * your orator did file in the office of the judge of probate of Chambers county, Ala., being the county in which said lot was located on which this lien is sought to be established, a statement in writing, duly verified, containing a just and true account * * *." The complaint did not contain an averment that the statement was verified "by the oath of the person claiming the lien, or of some other person having knowledge of the facts."

Although the opinion does not so disclose, an examination of the original record in the Gilbert case, supra, reveals that there were at least two grounds of the demurrer which took the point that the complainant had failed to allege that the statement was verified by one having knowledge of the facts as required by § 41, Title 33, Code 1940. The opinion in that case concludes: "The other grounds of demurrer were properly overruled. The averments of the bill are sufficient to inform the respondent of appellee's claim, and put on him the burden of showing compliance with the statute in the perfection and enforcement of his lien."

In view of the holding in the Gilbert case, supra, we hold that there is no merit in the grounds of demurrer argued here by appellant. It follows, therefore, that the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.