114 So.2d 400

**T. E. BONNER**

v.

**T. H. BARBER.**

**6 Div. 330.**

Supreme Court of Alabama.

May 28, 1959.

Rehearing Denied Sept. 17, 1959.

**592**

Graham, Bibb, Wingo & Foster, Birmingham, for appellant.

Lowe & Williams, Birmingham, for appellee.

GOODWYN, Justice.

Appellee (complainant below) filed a bill in the circuit court of Jefferson County, in equity, to enforce a mechanic's or materialman's lien (pursuant to Code 1940, Tit. 33, §§ 37–65) claimed against certain real property owned by appellant (respondent below). Respondent's demurrer to the bill being overruled, he appealed to this court for review of that decree. We affirmed in Bonner v. Barber, 266 Ala. 624, 97 So.2d 793. Respondent then answered the bill admitting that the parties "entered into a contract or agreement under the terms of which the complainant was to furnish materials and perform labor on the

property described in the bill of complaint" but denying that complainant furnished the materials and performed the labor provided for in said contract. There is also a denial "that the complainant complied with the said contract." After testimony was taken orally before the trial court a decree was rendered in favor of complainant fixing a lien on the property in the amount of $5,-562.78 (the amount claimed was $5,672.78).

As is required of us, we have reviewed anew on this appeal the decree overruling respondent's demurrer to the bill. Code 1940, Tit. 13, § 28; British General Insurance Co. v. Simpson Sales Co., 265 Ala. 683, 687, 93 So.2d 763; Lattimer v. Stratford, 259 Ala. 405, 406, 66 So.2d 720; Lucas v. Lucas, 258 Ala. 515, 519, 64 So. 2d 70; Wilkey v. State ex rel. Smith, 244 Ala. 568, 579, 14 So.2d 536, 151 A.L.R. 765; Birmingham News Co. v. Birmingham Printing Co., 213 Ala. 256, 258, 104 So. 506. We reaffirm the decision in Bonner v. Barber, supra, holding that the demurrer was properly overruled.

It appears that appellant owned a tract of land acquired by him for subdividing into lots. A house, from 20 to 25 years old, was on the land at that time. He subdivided the land into eight lots, the old house being located on lot 5. He had an agreement with appellee for building new houses on the other seven lots, with appellee doing the construction work and the profits to be split between them. In connection with such work they also discussed work to be done on the old house after completion of the new houses. The new houses were completed about July 1956. Appellee then started work on the old house. According to appellee's testimony he and appellant went over the house together, with appellant specifying certain work to be done; that there were no specific plans on paper as to what was to be done; that he was to remodel the house "so that it would be in keeping with the new houses"; that he did not charge anything for his time but was to "just get what it would cost to remodel it"; that he kept an account

of all labor and materials furnished in connection with the work (proof of which was made), and it came to a total of $5,672.78, the amount sued for; that, before the work was started, he made a rough estimate that it would cost about $3,750; that appellant made a notation of this, placing a question mark by it; that he told appellant it was a rough estimate and that he "couldn't tell until we got into it" what it was going to cost; and that the work done on the house made it in keeping with the new houses. There is evidence that appellant came to the house while the work was being done and directed the doing of some work which was not included in the original items discussed by the parties.

To summarize, the position taken by appellee is that he was to do such work on the house as was necessary to put it in good shape and in keeping with the seven new houses; that, although a rough estimate was made as to the cost, he was not restricted to such estimate; that he did the work, keeping his records in the same manner as he did in connection with the seven new houses; that there had been no disagreement with respect to the new houses; that appellant has refused to pay him for the work on the old house on the ground that it was too high.

It appears to be appellant's position, and he so testified, that the estimate of the cost made by appellee was from $3,000 to $3,500; that appellee is not entitled to payment for any of the work because the agreement is too vague, indefinite and uncertain to constitute a valid contract; and that the evidence does not show such performance of the contract as to entitle appellee to relief under his bill.

To attempt a recital of all the conflicting tendencies of the evidence would unduly and unnecessarily extend this opinion. We think it is sufficient to say that we have duly considered all the evidence and are at the conclusion that the case presents essentially a question of fact, which was resolved by the trial court after hearing and observing the witnesses testify. We see no basis for disturbing that finding. We think the evidence and the reasonable inferences therefrom furnish ample support for the decree appealed from.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.