137 So.2d 774

**VAL MONTE SHORES, INC.**

v.

**William E. MAYBEN.**

8 Div. 20.

Supreme Court of Alabama.

Feb. 1, 1962.

Smith & Moore, Montgomery, for appellant.

John Stuart Stone, Guntersville, and Lusk, Swann & Burns, Gadsden, for appellee.

COLEMAN, Justice.

This is an appeal by one respondent from a decree overruling its demurrer to bill in equity which seeks to enforce mechanics' lien. Title 33, § 37 et seq., Code 1940. The appellant is Val Monte Shores, Inc., a corporation. Other respondents are individuals.

The bill alleges, inter alia, that complainant is a general contractor; that appellant, on and before March 1, 1958, owned certain land; that on March 12, 1958, appellant entered into a contract with complainant to construct a motel on said land, whereby complainant was to furnish labor and material and construct the work as agreed upon; that appellant agreed to reimburse complainant on the 10th of each month for all costs of complainant's work, labor, and material incurred during the preceding month; that complainant proceeded to perform the work and expended large sums therefor; that appellant made partial payments to complainant, but on and after December 10, 1958, appellant failed and refused to pay for work, labor, and material

the amount then due to be paid; that appellant was then indebted to complainant in the amount of $88,769.88, and notified complainant that appellant would be unable to pay further; that appellant is indebted to complainant in said amount for said work, labor, and material; that appellant, on January 26, 1959, executed to the other respondents a mortgage on said land; that said mortgage was executed subsequent to commencement of the work by complainant and is inferior to complainant's lien. The bill prays for establishment and foreclosure of complainant's lien if respondents fail to pay the amount due.

The demurrer recites in pertinent parts as follows:

"Come now the Respondents, Val-Monte Shores, Inc., a Corp. and E. H. Couch, separately and severally, and demur to the bill of complaint heretofore filed in the above styled cause and to each aspect thereof, separately and severally, and as grounds of said demurrer assign, separately and severally, to the bill of complaint and to each and every aspect thereof the following:

\* \* \* \* \* \*

"3. The allegations contained therein are vague, indefinite and repugnant or inconsistent.

\* \* \* \* \* \*

"5. Necessary facts are not alleged for the relief prayed for.

\* \* \* \* \* \*

"13. The allegations that Val-Monte Shores, Inc. entered into an original contract with William E. Mayben to construct a motel unit does not set out the alleged contract in haec verba or in substance."

As we understand appellant's argument, it is insisted that the bill contains an aspect which seeks relief on a special contract and that the bill is insufficient to show a right to relief in that aspect because the contract is not set out in haec verba or in substance. In reply brief, appellant makes the following statement:

"The appellant concedes that if the Bill of Complaint is construed by this Honorable Court as *not* having an aspect wherein the appellee is seeking damages for the Breach of a special contract in special assumpsit; then, the demurrer of the appellant should have been overruled by the trial Court and the case at bar consequently affirmed by this Court. To put the appellant's contentions in other words, if the Bill of Complaint is construed by this Court to have only the aspects of a suit to foreclose a mechanic's lien based on general assumpsit for work, labor and materials furnished by the appellee at the instance of the appellant and to declare a mortgage to others named in the Bill of Complaint to be subordinate to the alleged lien of the appellee, then the case at bar is due to be affirmed by this Court.

\*  \*  \*  \*  \*  \*

"The appellant concedes that the allegations in paragraph 6 (Tr. P. 4) of the appellee's bill of complaint, are sufficient for the aspect of the Bill seeking to recover in general assumpsit for work, labor, materials, services, and supervision, and as stated in the appellant's original brief and argument, the appellant is ready, willing and able to go to trial on all aspects of the case, if the appellee will only allege the special contract in its terms sufficient to apprise the appellant of what it is called upon to defend against. This the appellee has not done, and the appellant respectfully submits that the decree overruling the appellant's demurrer is due to be reversed and the cause remanded to the trial court."

■ Appellant appears to conceive that its demurrer is addressed severally to different aspects of the bill. Assuming arguendo that the bill has more that one aspect, we are nevertheless of opinion that the demurrer is addressed to the bill as a whole and not severally to the different aspects thereof. Wood, Wire & Metal Lathers,

Etc. v. Brown & Root, Inc., 258 Ala. 430, 63 So.2d 372.

■ Where a demurrer is addressed to the bill as a whole, if any aspect of the bill states a ground for relief, then the demurrer is to be overruled. Potts v. Water Works Board, 267 Ala. 46, 100 So.2d 16.

■■ When a bill to enforce a materialman's lien avers facts sufficient to entitle complainant to recover on the common counts, and shows compliance with the statute, requiring the filing of a verified statement of lien, the bill is sufficient. Skelton v. Seale Lumber Co., 260 Ala. 179, 69 So.2d 288; Brown v. Oldham, 263 Ala. 76, 81 So.2d 331. Such is this case. Appellant concedes " \* \* \* that the allegations \* \* \* are sufficient for the aspect \* \* \* seeking to recover in general assumpsit \* \* \*."

It thus appears, by appellant's concession, that the bill does state a ground for relief in one aspect, and that the demurrer, being addressed to the bill as a whole, was overruled without error.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.