292 So.2d 660

**Ruby GRANT**

v.

**J. M. GRANT.**

**Civ. 228.**

Court of Civil Appeals of Alabama.

Nov. 28, 1973.

Rehearing Denied Dec. 19, 1973.

**366**

Alice L. Anderson, Enterprise, for appellant.

Cassady & Fuller, Enterprise, for appellee.

HOLMES, Judge.

In March of 1973, this court, in Grant v. Grant, 49 Ala.App. 559, 274 So.2d 329, reversed in part, affirmed in part and remanded with directions a divorce decree between the parties to this appeal.

Thereafter, the trial court, pursuant to this court's mandate in Grant v. Grant, *supra,* held a hearing to determine certain property rights of the parties. After a hearing *ore tenus,* the trial court entered an order and it is from this order that this appeal is taken.

The appellant's one argued assignment of error is as follows:

"1. The Hon. Court herein erred in the final decree rendered by it in this cause. (Tp. pp. 89, 90, 91.)"

Appellant's brief, under its separate heading "ARGUMENT" consists of approximately two pages without any mention of authority contained therein.

Supreme Court Rule 9 requires that assignments of error not substantially argued in brief will be deemed waived and will not be considered by the court. See State v. Farabee, 268 Ala. 437, 108 So.2d 148; Mabrey v. Dickson, 44 Ala.App. 209, 205 So.2d 526; Runge v. Mercantile Credit Corporation, 285 Ala. 183, 230 So.2d 240; Automotive Acceptance Corporation v. Powell, 45 Ala.App. 596, 234 So.2d 593. The mere insistence of error without mention of authority does not amount to an argument. Ala. Elec. Co-operative, Inc. v. Partridge, 284 Ala. 442, 225 So.2d 848.

The above is dispositive of appellant's assignment of error and the case is due to be affirmed. Beasley v. MacDonald Engineering Co., 287 Ala. 189, 249 So.2d

844. And, while it is not necessary to this opinion, the following comments are deemed appropriate.

As this court has stated on numerous occasions, it is our policy, where at all possible to decide cases on their merits rather than on what some have described as technicalities.

■ The legislature in 1971, by Act No. 964, Acts of Alabama 1971, Regular Session, approved September 7, 1971, conferred upon our supreme court the power to adopt a new system of rules to govern procedure in appellate courts. These rules are to better determine litigation on their merit, and such rules are presently in the final stages of being formulated. However, until these rules become applicable prior decisions of the supreme court and this court must be followed. For us to do otherwise would create a system of appellate practice without appropriate rules by which all must abide. Without an appropriate uniform appellate procedure and practice the appellate process would, at best, be divergent.

While it is not possible under the circumstances to decide this case on its merits, in keeping with our previously stated policy, we make this further observation.

■ Under our prior ruling, we awarded to the appellee the business, its trucks and equipment, the Buick automobile, and the vacant lot. We also awarded to the appellee the shop building and all business equipment located therein and used in connection with the business. The appellant received the home and the $5,000 previously awarded by the trial court. This court directed, that, unless arrangements could be made with appellant for continued operation of the shop at its present location, the building and equipment should be moved as soon as practicable as directed by the trial court. We then stated, "If upon remandment, additional evidence be adduced as to an equitable division of the household furnishings, division thereof would be a matter for the discretion of the court."

As we perceive appellant's contention, it is that the trial court did not follow the prior mandate of this court. Or put another way, the trial court did not have the authority to enter the order from which this appeal is taken. The appellant appears to contend that the trial court should *only* have concerned itself at the hearing with the division of the household furnishings and the problem as to moving the shop. We cannot agree.

Under the facts and circumstances as revealed by the record, we do not believe the court committed error to reversal.

We particularly note that there was evidence that the circumstances regarding certain property had materially changed, not only since the trial court's original decree, but possibly since this court's opinion. Testimony tended to reveal that the appellant had spent all of the money which she had in her possession and, as a result, could not comply with the trial court's decree, which provided that appellant return to appellee a portion of money she removed from their joint checking account. This was affirmed by this court. Such conduct by the appellant was with knowledge of the directive in the decree.

As regards the continued operation of the business, the trial court concluded that no arrangements could be made between the parties.

The trial court then awarded the appellant $4,459, which money had already been spent, and directed the appellee to pay an additional $500 to the appellant. The appellee was given the homeplace. Each party was given one-half of the household furnishings excepting those relating to the operation of the business which were awarded to the appellee.

Considering the above, we cannot say the trial court erred to reversal in its decree.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.