314 So.2d 297

**SECURITY TRANSACTIONS, INC.,**
a corporation

**v.**

**NELSON EXCAVATING AND PAVING COMPANY, INC., a corporation.**

**Civ. 494.**

Court of Civil Appeals of Alabama.

March 19, 1975.

Rehearing Denied May 7, 1975.

Costello & Weston, Birmingham, for appellant.

Coleman & Hancock, Birmingham, for appellee.

BRADLEY, Judge.

The appeal is from a judgment of the Circuit Court of Jefferson County rendered in favor of appellee, Nelson Excavating and Paving Company, Inc., and against appellant, Security Transactions, Inc., in the amount of $970.80 for work and labor done and for an attorney's fee of $150. A lien was also affixed to the property on which appellee had performed its work.

The evidence showed that appellant, Security Transactions, Inc., (hereinafter referred to as Security) owned some property in Jefferson County, a portion of which was leased to Shell Oil Company. Shell in turn contracted with Carl Greek to construct a self-service station on the leased premises. Mr. Greek is a contractor and also owner and president of Security Transactions, Inc.

After Mr. Greek received the contract to build the service station, he contacted a man named Joe Shields to do the paving work around the station. When the time came for the paving to be done, Mr. Shields was busy elsewhere and could not do it. Mr. Nelson of Nelson Excavating and Paving Company, Inc., was contacted and agreed to do the paving work. Nelson Excavating and Paving Company, Inc. (hereinafter referred to as Nelson) completed the job and submitted a bill to Security on June 25, 1973 for $6,029.20. When the bill was received, Mr. Greek went to the jobsite to see if some mistake had been made in the billing because he thought it

was too much. Apparently in response to this complaint, Nelson had an independent engineering firm refigure the amount of paving that had been done. After Nelson received the engineering report, he sent Security a new bill in the amount of $6,328.65 less $3,029.20 previously paid, leaving a new balance due of $3,299.45. However, prior to this transaction and on August 1, 1973, Security received a bill from Nelson showing that $3,000 had been paid on the $6,029.20 charge, leaving a balance outstanding of $3,029.20. Security mailed a check to Nelson on August 13, 1973 in the amount of $3,029.20 and had typed on the face of the check "Bal. paid in full."

On October 11, 1973 Nelson sent Security a letter explaining that a mistake had been made in its account when a check in the amount of $3,000 from another customer was mistakenly posted to its account and that Security owed Nelson $3,000.

No agreement could be reached by the parties as to the correct amount owed for the work and labor furnished to Greek or Security. This suit was the result of that disagreement.

One of appellant's primary contentions is that appellee failed to allege and prove that Security was indebted to Nelson. for anything.

The body of the complaint does not contain an allegation that Security owed Nelson any money for work and labor done, but the prayer of the complaint does request that a judgment be rendered in favor of Nelson for $3,299.05 ". . . plus a reasonable attorney's fee from June 19, 1973." Also, there is attached to the complaint as an exhibit, a copy of the statement of claim which was filed in the Jefferson County Probate Office. The statement of claim filed in the probate office provided that the owner of the property was Security Transactions, Inc., and that an indebtedness of $3,299.05 was claimed against Security Transactions for grading and asphalt paving on the property in question.

■ The common count for work and labor done is a sufficient basis for relief where it is sought to recover an indebtedness resulting from an agreement to do certain work. Stoughton v. Cole Supply Co., 273 Ala. 383, 141 So.2d 173. It was also said in Val Monte Shores, Inc. v. Mayben, 273 Ala. 202, 137 So.2d 774, that a complaint is sufficient if facts are averred authorizing one to recover on the common counts and it is shown that the statute requiring the filing of a verified statement of lien has been followed. But these pleading principles were established before the adoption of the Alabama Rules of Civil Procedure, and the case at bar was tried after the Alabama Rules of Civil Procedure became effective.

■ What, if any, effect does the absence of an allegation of indebtedness in the body of the complaint have on the judgment in the instant case? We do not think the effect is harmful.

First, the prayer for relief stated that Security was indebted to Nelson in the amount of $3,299.05 and asked for a judgment in that amount.

Secondly, Rule 10(c) of the Alabama Rules of Civil Procedure permits an exhibit that has been attached thereto to become a part thereof for all purposes. Exhibit "A" which is attached to and made a part of the complaint in the instant case contains a statement that Security is indebted to Nelson in the amount of $3,299.05. And, when it is understood that the primary purpose of a complaint under the new pleading practice is to give a defendant notice of a claim being made against him, we conclude that Security had adequate notice that Nelson was claiming that Security was indebted to him for a sum certain. See Committee Comments to Rule 8, Alabama Rules of Civil Procedure.

The next question to be answered is whether the proof supports the allegation of an indebtedness owed to Nelson by Security. We think it does.

The evidence shows that Security leased the property in question to Shell Oil prior to the work in question being done, and it also shows that Shell Oil engaged Carl Greek to build a self-service station on the property, and that Carl Greek through his construction superintendent, John Norman, engaged Nelson to do the excavating and paving. However, the evidence also shows that Nelson never talked to Carl Greek about the work but dealt only with John Norman, Greek's superintendent on the job.

Nelson testified that he knew Greek had the contract for the construction of the station and that Norman was Greek's superintendent on the job. He also stated that Greek owned Security. And, when the work was completed, Nelson sent the invoice to Security for the amount of the indebtedness, i. e., $6,029.20. Subsequently another invoice was sent to Security showing a payment of $3,000 with a balance of $3,029.20. A check was received from Security for $3,029.20 showing "bal. in full." A corrected invoice was then sent to Security with an explanation about the $3,000 error that was made.

Furthermore, the evidence shows that the street address of Security Transactions, Inc. and Carl Greek, Contractor, were one and the same. It also shows that another paving contractor stated that $4,000 was a fair amount for the work to be done in this case.

In our opinion the state of the evidence as above set out is such that the trial court could have easily found that Nelson considered Greek the owner of Security and that he was in effect dealing with Security and that he expected Security to pay for his work. Further, the record is devoid of any evidence showing that Nelson knew Security had leased the property to Shell Oil or what arrangements Shell Oil and Greek had concerning the building of the service station. We therefore conclude that there is sufficient evidence to support the court's finding that Security was indebted to Nelson for $970.

Appellant next says that whatever sum of money that might have been owed to Nelson by Carl Greek was fully satisfied by an accord and satisfaction.

The supreme court, in Homewood Dairy Products Co. v. Robinson, 254 Ala. 197, 48 So.2d 28, said that:

"... In order to be a satisfaction there must be an accord. That is, an agreement to accept in extinction of the obligation something different from or less than that which the creditor is claiming or entitled. ..."

The evidence shows that the first invoice sent to Security by Nelson was dated June 25, 1973 and in the amount of $6,029.20. On August 1, 1973 Nelson sent another invoice to Security showing a balance due of $3,029.20. This amount was paid by Security on August 13, 1973. Then on October 11, 1973 Nelson sent Security a corrected invoice showing $3,000 still due and payable and there was attached thereto an explanation by the bookkeeper, Phillips, that a check for $3,000 was received from H & P Construction Company and had been incorrectly posted to Security's ledger book account, thereby showing a balance due of $3,029.20. The error had been corrected and Security was being billed for the additional $3,000. The original ledger sheet, which was in evidence, confirmed these transactions.

It is obvious from the evidence that at the time Nelson received Security's check for $3,029.20, this was the amount deemed owed, due to the bookkeeping error. The second statement received by Security was for a "Balance $3,029.20." And, this was the amount Security paid to Nelson. Now Security may have intended that the check tendered to Nelson was in full payment of the amount for which Security had been billed, but it is quite obvious that Nelson did not consider it in that light. Obviously Nelson thought that Security had paid $3,000 on its account and the payment of

$3,029.20 was in response to the statement showing a balance due of that amount. Consequently, when the posting error was discovered, a corrected statement was sent to Security.

■ We are of the opinion that Nelson did not knowingly agree to accept, in extinction of the $6,029.20 debt, a lesser amount than what had been claimed. The acceptance of the $3,029.20 check as the balance of the account was on the mistaken assumption that Security had previously paid $3,000 on the account.

■ However, whether the proof supports a plea of accord and satisfaction or not is a question for the jury, or, in the absence of a jury, the trial court. And, the trial court's finding in such a case will not be disturbed unless palpably wrong. W. B. Davis Hosiery Mill, Inc. v. Word Lumber Co., Inc., 49 Ala.App. 492, 273 So. 2d 469. The trial court, in this case, sat without a jury and found for Nelson. We do not consider such finding to be palpably wrong.

By its assignment of error eleven, appellant says that the trial court erred in affixing a lien in the case at bar for that among other omissions, the statement of lien filed in the Jefferson County Probate Office was not verified as required by Title 33, Section 41, Code of Alabama 1940, as Recompiled 1958.

The statement of claim, a copy of which was attached to the complaint as Exhibit A and introduced in evidence as plaintiff's exhibit number 5, was filed in the Jefferson County Probate Office on December 6, 1973. The statement of claim so filed was signed on behalf of appellee by James P. Nelson, but, there is no verification by a notary public or other person authorized to accept oaths attesting that Nelson signed the statement and supported the truthfulness of the statements made in the body of the claim.

■ In Alabama mechanic's and materialman's liens are creatures of statute (Title 33, Section 37 et seq., Code of Alabama 1940, as Recompiled 1958) and do not come into being unless every requirement of the statute creating them has been complied with as provided. Lily Flagg Building Supply Co. v. J. M. Medlin & Co., 285 Ala. 402, 232 So.2d 643.

In Bonner v. Barber, 266 Ala. 624, 97 So.2d 793, the supreme court held that it was necessary that the complainant in a suit to enforce a mechanic's and materialman's lien aver a compliance with all the provisions of Title 33, Section 41, *supra,* which, among other requirements, directs that the claim filed in the probate office be verified. See also Ingram v. Howard, 221 Ala. 328, 128 So. 893.

■ In the case at bar appellee alleged that a verified statement of claim had been filed in the Jefferson County Probate Office. Appellant, in its answer, denied this averment and demanded strict proof thereof. The proof offered in support thereof —Exhibit 5 previously referred to—failed to support the averment that the statement of claim was verified. The statement of claim not being verified failed to satisfy an essential requirement of Section 41, *supra.* Gorr Lumber Co. v. McMillan, 225 Ala. 303, 143 So. 173. Inasmuch as a mechanic's and materialman's lien is acquired by statute, that statute must be observed strictly or else the lien is lost. Home Fed. Sav. & Loan Ass'n v. Williams, 276 Ala. 37, 158 So.2d 678. The lien in the present case not having been established as required by the law, did not therefore exist, and the trial court erred in imposing a lien on the property described in the bill of complaint.

By several assignments of error, appellant contends that the trial court erred in awarding an attorney's fee in the amount of $150 to appellee's counsel.

There is a request for the granting of a reasonable attorney's fee in the prayer section of the complaint, but there is no evidence in the record that appellant had offered to pay an attorney's fee nor is there

any evidence relating to what would be a reasonable fee in this case.

The general rule in this state is that, in the absence of statute, contract, or recognized ground of equity, there is no right to have an attorney's fee paid by the opposing party. Low v. Low, 255 Ala. 536, 52 So.2d 218.

In the case at bar the agreement made by the parties for certain work to be performed was oral and there was no testimony that this agreement included a requirement that appellee would be entitled to attorney fees should he find it necessary to enforce the agreement in a court of competent jurisdiction.

The right to a mechanic's or materialman's lien did not exist at common law but exists today by virtue of statute law. Wilkinson v. Rowe Surveying Co., 266 Ala. 675, 98 So.2d 435. Such a lien is not allowable in equity except by statute and, where the statute is relied on, there must be strict compliance therewith. McCleskey v. Finney, 272 Ala. 194, 130 So.2d 183. The statute, i. e., Title 33, Article 8, Code of Alabama 1940, as Recompiled 1958, was relied on to perfect the lien in the instant case. Therefore its terms must be strictly adhered to in order to establish the lien.

The statute authorizing the imposition of a mechanic's or materialman's lien does not provide for the assessment of attorney fees on behalf of the successful party; consequently the judgment of the trial court assessing attorney fees in the case at bar was without basis in the statute.

Although this case was tried on the equity side of the circuit court, it was there by virtue of the statute above cited and, as previously stated, such statute must be strictly followed in order to perfect the lien. Hence we consider the equitable principles which authorized the assessment of attorney fees in favor of the successful party as in the *Low* case, *supra,* and in the case of Mitchell v. Friedlander, 246 Ala. 115, 19 So.2d 394, not to be applicable to the factual situation extant in the present case. In the cited cases, the invocation of the equity jurisdiction of the circuit courts was concerned with specific performance of an agreement, and settlement of property rights between a husband and wife.

We conclude therefore that the trial court erred in assessing attorney fees in the case at bar.

That aspect of the judgment appealed from asserting that Nelson is to recover from Security $970 is hereby affirmed, and that aspect of the judgment awarding an attorney's fee and establishing a lien on property owned by Security for the reasons above enumerated is reversed and one rendered here denying such relief.

Affirmed in part and reversed in part and rendered.

WRIGHT, P. J., and HOLMES, J., concur.

## ON REHEARING

BRADLEY, Judge.

In its application for rehearing, appellant suggested that this court failed to consider his assignment of error twenty which raised the correctness of the trial court's ruling whereby the witness Nelson was permitted to answer this question: "What was the contract price?"

We did consider the assignment of error as discussed in the brief but deemed it waived, for that it failed to meet the requirements of Supreme Court Rule 9. This rule requires that the assignment of error be substantially argued in brief, and where there has been only an insistence of error without citation of authority, the requirements of the rule have not been satisfied. Alabama Elec. Co-Operative, Inc. v. Partridge, 284 Ala. 442, 225 So.2d 848; Grant v. Grant, 52 Ala.App. 365, 292 So.2d 660. We therefore deemed that assignment waived.

Had the assignment of error been properly presented for consideration, the effort would have produced a negative result.

The ruling of the court permitting Nelson to answer the question must have been so erroneous as to have prejudiced the rights of appellant. Bates v. Rentz, 262 Ala. 681, 81 So.2d 349.

Mr. Nelson, after having been asked the amount of the invoices submitted to appellant for the work done, was then asked what the contract price had been. He was being asked in a shorthand way what the agreed-on price was to be for the work to be performed. Nelson had already testified as to the total amount sought for the work done and was now being asked for a breakdown, in effect, of that amount. He answered the question by saying, "We had a price of $2.65 per square yard for base and paving." And, considering the context in which it was asked, it was not so prejudicial as to injure the appellant's rights. Supreme Court Rule 45.

Opinion extended.

Application for rehearing overruled.

WRIGHT, P. J., and HOLMES, J., concur.