The plaintiff, Johnson-Rast Hays, sought the recovery of insurance premiums from the defendant, who appeals.
A nonjury trial was held before the trial court. The evidence in the case was in *Page 1015 
dispute as to the terms of an accord or agreement of the parties. Summarily stated, the controversy was whether the accord included only the balance due as premiums upon two insurance policies, or whether it encompassed the entire account between the parties, which consisted of the balance of premiums payable upon three insurance policies. A question of fact was presented in that regard for the decision of the trial court. Security Transactions, Inc. v. Nelson Excavating Paving Co., Inc., 55 Ala. App. 223, 314 So.2d 297, cert. denied,294 Ala. 768, 314 So.2d 304 (1975); W.B. Davis Hosiery Mill,Inc. v. Word Lumber Co., Inc., 49 Ala. App. 492, 273 So.2d 469
(1972), writ denied, 290 Ala. 372, 273 So.2d 474 (1973);Homewood Dairy Products Co., Inc. v. Robinson, 254 Ala. 197,48 So.2d 28 (1950).
If the trial court had found that factual issue in accordance with the contentions of the defendant, nothing would be due to the plaintiff since the entire indebtedness would have been extinguished as to any and all premiums due on the three insurance policies. On the other hand, if the trial court ascertained that factual question favorably to the plaintiff, the defendant would still owe to the plaintiff the balance due on a premium for an excess indemnity policy. The only testimony in the record as to that amount is $10,117.
The learned trial judge, after making a finding of fact that there had been no meeting of the minds between the parties as to the proposed compromise agreement, announced the following from the bench:
 This is a case at law which the lawyers understand, but I don't know if you parties do. It is a case in law, and not one of equity. The equity, I have got more power to balance the equities to do what I think is fair; in law, I am not given that right or that authority, either all or nothing. And quite frankly, I don't like that. I think what we have here is a bona fide misunderstanding, bona fide dispute between two good businessmen. Both of them were acting in good faith. What I am going to do is try to attempt a settlement of this compromise, based upon my best ability to apportion what I consider to be the equities in this case. Inasmuch as I am going to do that, if either one of you wants to appeal, you can appeal automatically and summarily, and very promptly and quickly get me reversed, if that's what you all want to do. I'm awarding the plaintiff $4,000 principal plus $200 interest, Court costs to be divided equally among the parties. As I said before, anybody that wants to appeal can get me reversed. I just hope you all will be satisfied with it. If you don't, you all can get me reversed.
Where the trial court's judgment is not supported by any competent evidence, our only alternative is to reverse, and this is true regardless of the presumption that a trial court's findings of fact are valid where the trial was orally conducted before it. McCulloch v. Roberts, 292 Ala. 451, 296 So.2d 163
(1974). For, even where the evidence was heard ore tenus, the findings of the trial court cannot be upheld if they are palpably wrong, without supporting evidence, or manifestly unjust. Cotton States Mut. Ins. Co. v. Conner, Ala.,387 So.2d 125 (1980); 2A Ala. Digest, Appeal Error key 1010 (2). A trial court's finding as to the amount due from one party to the other is entitled to great weight and will not be disturbed on appeal in the absence of an abuse of discretion. Martin v.House of Carpets, 41 Ala. App. 460, 135 So.2d 171 (1961).
There is no evidence, nor any proper inference therefrom, which supports a judgment for $4,000. As the trial court aptly observed, it was a case of "either all or nothing," "all" being the sum of $10,117. In its effort to compromise or settle this dispute, the trial court admittedly abused its discretion in rendering its judgment, and we, accordingly, reverse and remand, as the circuit court so appropriately prophesied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS, while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of *Page 1016 
Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.