PER CURIAM.
This action was brought by Tommy Cofer against Associates Commercial Corporation to determine the proper disbursement of $33,000.00 in insurance proceeds.
Cofer purchased a Freightliner tractor/truck from Liberty Truck Sales on October 11, 1978. He executed a security agreement in which he agreed to pay a balance of $63,546.12 in 12 consecutive monthly installments of $1,493.10 beginning on November 20, 1978, and thereafter paying 36 consecutive monthly installments of $1,267.47. The security agreement was assigned to Associates.
On January 27, 1981, Cofer filed for Chapter 13 bankruptcy. Associates filed a claim for $32,954.22, which was approved by the court. The court on March 13,1981, approved a plan allowing payments over a period of 55 months. Associates determined that additional interest would be due from Cofer due to the extension of the payment period. It filed a claim for an additional $8,122.95, which was also approved by the bankruptcy court. A total of $17,748.46 was paid through the bankruptcy court before Cofer’s petition was dismissed for failure to comply with the plan.
*718 The truck was stolen on July 20, 1984. Early American Insurance Company delivered a check for $33,000.00 to Cofer’s attorney. The check was payable to the order of Cofer, his attorney, and Associates. Cofer deposited this check with the court and asked the court to determine the rights of the. parties to the proceeds.
The trial court determined that Associates had an interest of $15,163.67 in the check and that Cofer had an interest of $17,836.33.
Associates appeals, contending that the portion' of the insurance proceeds that it was awarded was inadequate and unsupported by the evidence.
Cofer’s complaint states that “[t]he balance due on the secured claim of Associates at the time the bankruptcy petition was dismissed was $18,715.49.” During opening statement counsel for Cofer made the following statement:
“Mr. Willingham: We received proceeds from the insurance on the truck in the sum of $33,000.00. And, tendered that payment to the Defendant and they claim an amount more than the $18,700.00 that we say we owe.
“The Court: Claim $26,000.00?
“Mr. Willingham: Yes, sir. There is no question that the Plaintiff has claims which are non-contested to part of those sums. It is that amount between that $18,715.49 and that $26,000.00 sum that we dispute.”
Furthermore, during direct examination of Cofer the following occurred:
“Q. (By Mr. Willingham:) What is the amount of the $18,715, whatever cents it was, is that the amount that you owe to Associates?
“A. Yes, sir.
“THE COURT: What was the amount he claims he owes?
“MR. WILLINGHAM: $18,715.49.”
We are therefore confronted with admissions by Cofer and his attorney in the complaint, opening statement, and testimony that the amount he owed Associates was $18,715.49.
The amount awarded Associates by the trial court was $15,163.67. The only reference in the record to this amount was when Gary Bond, the collections manager for Associates, testified that this was the exact amount Associates had “charged off” as uncollectible.
The amount Associates charged off as a bad debt is not the correct standard in this case for determining the amount of the unpaid debt. Moreover, Cofer admitted he owed more than the award.
Where the trial court’s judgment is not supported by any competent evidence, the judgment must be reversed. Steel City Erection Co. v. Johnson-Rast & Hays, Inc., 402 So.2d 1014 (Ala.Civ.App.1981).
We can understand the trial court’s consternation with Associates’ only witness, Gary Bond. Bond was unprepared and his testimony was conflicting. We also note that counsel on appeal was not trial counsel.
The judgment is reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.